# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE C. SIMPSON,**

    Plaintiff,

v.                                             Case No. 19-CV-1221

**JAY VAN LANEN** *et al.*,

    Defendants.

## ORDER ON DEFENDANTS MOTION TO STRIKE

Plaintiff Willie C. Simpson, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a motion for an emergency preliminary injunction seeking to enjoin the defendants, Governor Tony Evers, and the Wisconsin Department of Corrections, from enforcing Truth-In-Sentencing laws and requesting his release from custody. (Docket # 40.) In response, the defendants filed a motion to strike Simpson's motion for a preliminary injunction on the basis that Simpson is under a filing ban imposed by the U.S. Court of Appeals for the Seventh Circuit under *Support Systems International v. Mack*, 45 F.3d 185, (7th Cir. 1995).

This case has a unique procedural history. Simpson originally filed the case in Wisconsin state court in Dane County in May 2018. (*See* Docket # 1.) The defendants removed the case to the Federal District Court for the Western District of Wisconsin on June 21, 2018. (*Id.*) On June 25, 2018, Judge James D. Peterson screened Simpson's complaint and decided to split the case into three separate cases because Simpson stated three separate and distinct causes of action—the claims related to his parole; the claims

related to tampering with his mail; and the claims relating to treatment of his HIV. (*Id.*) Once the case was split, on August 21, 2019, the case regarding mail tampering (this case) and the case regarding treatment of HIV were transferred to the Federal District Court for the Eastern District of Wisconsin. (Docket # 14.) Judge Peterson retained the case regarding Simpson's parole claims, W.D. Case No. 18-cv-467. (*Id.*)

The Western District case was subsequently resolved, and Simpson appealed it to the Seventh Circuit. (Docket # 47-1.) In the appeal, on March 15, 2021, Simpson filed an emergency temporary restraining order seeking to enjoin Governor Evers, the Wisconsin Department of Corrections, and various staff at Green Bay Correctional Institution and order his release from custody because he was being unlawfully held. (Docket # 47-3.) On Friday, March 19, 2021, the Seventh Circuit issued an order under *Mack* imposing a $1,000 sanction on Simpson for a frivolous filing. (Docket # 47-2.) The order stated that "the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by [Simpson] or on his behalf." (*Id.* at 2.) The Seventh Circuit made exceptions for criminal cases and habeas petitions. (*Id.*)

On Monday, March 22, 2021, Simpson filed his motion for a preliminary injunction in this case. (Docket # 40.) The motion is substantially similar to the motion for a temporary restraining order he filed in his appeal.

The defendants then filed a motion to strike on the basis of the *Mack* order stemming from the case from the Western District. (Docket # 46.) Specifically, they state the *Mack* order applies to this case and prohibits Simpson from filing any motions or other papers that are not in response to a defendant's motion or a court order requiring Simpson to respond. *See In Re Skupniewitz*, 73 F.3d 702 (7th Cir. 1996) (holding that parties subject to a filing ban

under a *Mack* order may file defensive responses or respond to a court order that requires a response).

The case law is unclear whether a *Mack* order generally applies to both pending and new cases. Simpson argues that the *Mack* order applies only to future cases he may attempt to file and does not apply to pending cases, though he offers no case to support his position. Docket # 48 at 1–2.) The defendants point to *In Re City of Chicago*, 500 F.3d 582 (7th Cir. 2007) as precedent that *Mack* orders and the filing ban apply to both pending and future cases. However, the *Mack* order in *In Re City of Chicago* contains a clause specifically stating that it applies to pending cases:

> Accordingly, IT IS ORDERED that the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by or on behalf of Prince Foryoh **in this or any of his pending cases in this court or district courts** unless and until he pays in full all fees and costs from all his federal suits.

*Id.* at 584. Whereas the *Mack* order in Simpson's cases states the following:

> IT IS FINALLY ORDERED that unless and until Simpson pays in full the sanction that has been imposed against him an all outstanding filing fees, the clerk of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf. [citations omitted]. In accordance with our decision in *Mack,* exceptions to this filing bar are made for criminal cases and for applications of writs of habeas corpus.

(Docket # 47-2.) Simpson's *Mack* order language does not contain the specific directive that it applies to all pending cases, unlike the *Mack* order language in *In Re City of Chicago*. And because the issue the Seventh Circuit was addressing in *In Re City of Chicago* was limited to whether the specific *Mack* order in that case applied to that particular plaintiff's many pending cases, it does not seem that *In Re City of Chicago* stands for the proposition that all *Mack* orders apply to both pending and newly filed cases. In fact, *In Re City of Chicago* seems

3

to suggest that if the Seventh Circuit wants the *Mack* order to apply to all of a party's pending cases, it will explicitly say so in the relevant *Mack* order. There also does not seem to be a case that states *Mack* orders generally apply to both pending and future cases.

This open legal question aside, there is one unique factor present in this case: The record strongly supports a finding that Simpson filed his motion for a preliminary injunction in this case to get around the *Mack* order. First, the motion for a preliminary injunction that Simpson filed in this case is substantially similar to the motion he filed in the Seventh Circuit that earned him the sanctions. Also, the timing of the filing is suspect. Simpson filed his motion in this case the next available business day after the *Mack* order was handed down. It would, therefore, violate the spirit and purpose of the *Mack* order to allow Simpson to be heard on his motion for preliminary injunction.

Accordingly, the defendants' motion to strike (Docket # 46) is **GRANTED**. Simpson's motion for a preliminary injunction shall be stricken from the record.

**IT IS FURTHER ORDERED** that the Clerk of Court shall follow the *Mack* order issued on March 19, 2021 in the Seventh Circuit Court of Appeals Case No. 20-3293 and shall return unfiled any papers that Simpson may submit either direct or indirectly by him or on his behalf. The only exceptions to this are for criminal cases, applications of writs of habeas corpus, and any filing that is in response to a defendant's motion or a court order that requires Simpson to respond.

Dated at Milwaukee, Wisconsin this 7th day of June, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge