UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

                Plaintiff,

v.                                       Case No. 19-CV-1221

DREW WEYCKER, *et al.*,

                Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Willie C. Simpson, who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 2.) Simpson was allowed to proceed on five claims under the First Amendment. On August 5, 2021, the court granted summary judgment on exhaustion grounds on four of these claims. (ECF No. 51.) The only claim which remained was Simpson's claim for alleged interference with mail for when he was not allowed to send a letter to his child's mother. On February 9, 2022, the remaining defendants, Drew Weycker and Colin Fruehbrodt moved for summary judgment on the merits on this remaining claim. (ECF No. 56.) For the reasons stated below, the court grants the defendants' motion for summary judgment.[1]

## FACTS

At all times relevant, Simpson was incarcerated at Green Bay Correctional Institution (GBCI). (ECF No. 58, ¶ 1.) Simpson states on November 16, 2017, he wrote a

---

[1] The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 17, 18, 24.)

three page letter to Latrisha Thompson-Lock, the mother of his child, describing a potential lawsuit against various prison guards for torture and abuse. (ECF No. 68, ¶ 11.) He requested help paying the filing fee. (*Id.*) Simpson then placed the letter in an envelope and sealed it. (*Id.*, ¶ 12.) An unnamed guard picked up the letter for delivery sometime between 10 p.m. on November 16 and 12 a.m. on November 17. (*Id.*)

Simpson states that defendant Drew Weycker came to his housing range in the segregation unit with his letter during one of his shifts (either the 10 p.m. to 6 a.m. shift on November 16 and November 17 or the 10 p.m. to 6 a.m. shift on November 17 and November 18) and spoke to "Inmate Lamely" about his letter. (*Id.*, ¶ 14.) Weycker directed Lamely to read Simpson's letter and then get other inmates to threaten Simpson's family because the letter concerned a lawsuit against GBCI staff. (*Id.*, ¶ 14.) Simpson also asserts that Weycker blocked Simpson's letter from being delivered to Thompson-Lock. (*Id.*)

Simpson further asserts that defendant Colin Fruehbrodt, during his November 18, 2017 shift, returned the letter and envelope to Simpson because of the content in the letter. (*Id.*, ¶ 15.) Fruehbrodt also warned Simpson about filing an inmate complaint concerning Weycker's handling of his mail because staff in the segregation unit would ensure the inmate complaint would go into the garbage. (*Id.*) Simpson subsequently filed an inmate complaint. (ECF No. 68-1 at 24–25.)

The defendants largely dispute Simpson's version of events. While the defendants acknowledge that Weycker did work third shift in the segregation unit on November 16 and 17, and November 17 and 18, because he was a Correctional Sergeant, he would not have picked up nor reviewed Simpson's outgoing mail. (ECF No. 58, ¶¶ 4–6, 8, 10.) Weycker denies opening a letter from Simpson to Thompson-Lock, denies asking any inmate to

threaten, harass, or contact Simpson's family, and denies refusing to send Simpson's letter. (*Id.*, ¶¶ 7, 11–12.) Weycker also did not direct Fruehbrodt to tell Simpson not to file an inmate complaint. (*Id.*, ¶ 13.)

Similarly, Fruebrodt acknowledges that he worked on November 18 at 6 a.m. to November 19 at 6 a.m., but he denies that he refused to mail a letter from Simpson to Thompson-Lock. (*Id.*, ¶¶ 15–17.) He does not mention whether he returned a letter to Simpson but states that it was not part of his job duties to do so. (*Id.*, ¶ 19.) He also denies that he told Simpson to not file an inmate complaint. (*Id.*, ¶ 20.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial.

3

*See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Simpson claims that Weycker and Fruehbrodt violated his First Amendment rights when they interfered with mailing his letter to Thompson-Lock. "The free-speech clause of the First Amendment applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000.) To claim a violation for interference with mail under the First Amendment, a plaintiff must allege "a continuing pattern or repeated occurrences of such conduct." (*Id.*) However, where there are content-based restrictions on an inmate's exercise of his First Amendment rights, there is "special concern." *Harmon v. Walton*, Case No. 15-cv-1351-MJR, 2016 WL 5243005, at *2 (S.D. Ill. Sept. 22, 2016) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). When an inmate's right to send mail is interfered with because of the contents of a letter, then restrictions may be imposed only where "those restrictions are 'reasonably related to legitimate penological interests.'" *Van de Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner v. Safely*, 482 U.S. 78, 89 (1987)).

Here, it is undisputed that Simpson alleges only one isolated incident of interference with his mail. Thus, he fails to meet the requirement under *Zimmerman* of a continuing pattern or repeated occurrence of interference.

4

However, Simpson alleges that Weycker and Fruehbrodt interfered with his mail because the letter he was sending threatened a lawsuit against several GBCI staff. Simpson, then, alleges that Weycker's and Fruebrodt's interference was content-based. As mentioned above, the case law suggests that where the interference is content-based, the court needs to consider whether there was a legitimate penological interest for the interference. The defendants do not address whether Weycker and Fruehbrodt had a legitimate penological interest because they wholly deny that they interfered with Simpson's mail.

Thus, a question of fact exists as to whether Weycker and Fruehbrodt interfered with Simpson's mail, but the question is immaterial because Simpson does not establish that he suffered "a cognizable constitutional injury under the First Amendment." *Schroeder v. Drankiewicz*, 519 Fed. App'x 947, 950 (7th Cir. 2013). At most, Simpson alleges that as a result of Weycker's actions, other inmates were told to threaten his family. He does not provide any evidence that his family was actually threatened or harassed. Nor does he provide any evidence that he suffered any other harm. He states that he was told not to file an inmate complaint, but he does not provide any evidence demonstrating or explaining how this injured him. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). Simpson, then, failed to establish that he suffered any harm as a result of the defendants' actions. Summary judgment is granted in the defendants' favor.

## CONCLUSION

Because summary judgment is granted in the defendants' favor, there are no remaining claims, and the case is dismissed. The defendants also argued that they were entitled to qualified immunity. Because the court grants summary judgment on the merits, the court does not need to address the qualified immunity argument.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 56) is **GRANTED.**

**IT IS FURTHER ORDERDED** that the case is **DISMISSED** The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one

year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated at Milwaukee, Wisconsin this 13th day of September, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge